UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:

ROSLYN SEFARDIC CENTER CORP.

                 Debtor

Chapter 11

Case No. 19-72217

-----------------------------------------------------------------------X

TO THE HONORABLE LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

      L&L Associates Holding Corp. a secured creditor ("L&L"), herein by its attorneys Berger, Fischoff, Shumer, Wexler, Goodman, LLP as and for its motion for an order pursuant to Section 1112(b), 363(d) and 105 of the Bankruptcy Code, a) dismissing the case; b) in the alternative modifying the automatic stay and c) for in rem relief because of the Debtor's bad faith repetitive filings, respectfully represents:

      1. This is the Debtor's fifth Chapter 11 petition. All of the prior Chapter 11's were dismissed, most recently on February 19, 2019. On March 26, 2019 Roslyn Sefardic Center Corp. filed its fifth voluntary petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code. It was thereafter continued in possession and management of its property.

      2. The Debtor's sole asset consists of a residential real property located at 1 Potter Lane, Roslyn, New York. The Debtor purportedly operates a religious institution from the property. L&L Associates Holding Corp. is a secured creditor by virtue of its holding real estate tax liens which as of March 18, 2019 had an outstanding balance of approximately $382,408.28 plus additional interest and expenses (See Exhibit "A" annexed hereto). On January 9, 2012 the Supreme Court, State of New York Nassau County entered a judgment of foreclosure and sale. A copy of the judgment is annexed hereto as Exhibit "B".

3. This is the fifth Chapter 11 filed by this Debtor[1]. The four prior petitions were dismissed after the Debtor delayed and hampered efforts by Creditors' to pursue their state Court remedies. The most recent petition, Case No.: 19-70829, was dismissed on February 19, 2019 because it was filed pro se and the Debtor did not obtain counsel within the time fixed by the Court. The prior Chapter 11 Case Nos. were: 12-74404, 16-70299 and 18-70785. Each of the previous petitions were filed on the eve of a scheduled foreclosure sale. This fourth Chapter 11 petition also filed on the eve of a foreclosure sale, seems intended to just delay without any realistic hope for reorganization. The Debtor did not file Schedules I and J but based on prior filings the Debtor generates sporadic minimal income, surely not sufficient to fund a plan.

4. No operating reports are due in this case yet. But a review of the operating reports filed in the Debtor's prior cases indicates the Debtor has negligible income, surely insufficient to pay even the current post petition expenses for owning and operating the real property. In fact while this and all the prior cases were pending the Debtor has failed and continues upon information and belief to not pay the village real estate taxes. The total owed is at least $57,573.00.

5. Movant has been delayed by the filing of the petition and is being prejudiced by the delay. Additional post-petition interest and charges are accruing daily. Additional village real estate taxes are accruing. It is reasonable to conclude that because the Debtor has no income, repairs and maintenance on the property have been deferred and the collateral is deteriorating.

6. Further, the Debtor still has not produced evidence of property insurance for the property.

---

[1] Herzel Tal the Principal of the Debtor filed Chapter 13 on September 7, 2012 Case No. 12-75448 and filed Chapter 7 on March 13, 2012 Case No. 12-71481.

7. L&L estimates the property has a market value of $790,000.00. L&L conducted a tax lien foreclosure sale and $790,000.00 was the highest bid. Ultimately, that buyer defaulted on the purchase but the exposure of the property to the market and the bidding process is a sufficient method to establish value. So while the Debtor may have some equity, equity in and of itself does not negate the bad faith of this Debtor's abuse of the bankruptcy process.

8. Section 11 12(b) of the Bankruptcy Code provides in part:

*(A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;*

*(B) Gross mismanagement of the estate;*

*(C) Failure to maintain appropriate insurance that poses a risk to the estate or to the public;*

*(D) Unauthorized use of cash collateral substantially harmful to 1 or more creditors;*

*(E) Failure to comply with an order of the court;*

*(F) Unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter*

*(G) Failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;*

*(H) Failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);*

*(I) Failure timely to pay taxes owed after the date of the order for the relief or to file tax returns due after the date of the order for relief;*

*(J) Failure to file a disclosure statement, or to file or confirm a plan, within the time*

> *fixed by this title or by order of the court;*
>
> *(K) Failure to pay any fees or charges required under chapter 123 of title 28;*
>
> *(L) Revocation of an order of confirmation under section 1144;*
>
> *(M) Inability to effectuate substantial consummation of a confirmed plan;*
>
> *(N) Material default by the debtor with respect to a confirmed plan:*
>
> *(O) Termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.*

9. It is submitted that "cause" exists in this case for the case to be dismissed. The Debtor is causing a substantial delay and continuing loss and diminution to the estate to the prejudice of the Movant.

10. The current petition does not indicate any substantial change of circumstances that would indicate more likely a success then on the last four petitions. Further, there is no likely prospect for reorganization. The Debtor has taken no steps in this case or the three prior cases. The Debtor has never filed a feasible proposed plan of reorganization, has not indicated any other "exit plan" for this case. Moreover, this is a repeat filing. The first Chapter 11 also resulted in a dismissal when the Debtor was unable to propose, confirm or consummate a Chapter 11 plan. The second and third cases were dismissed for the same reasons. The fourth case was dismissed because it was a <u>pro se</u> filing and the Debtor did not obtain counsel within the time ordered by the Court.

11. Further, the principal of this Debtor, Herzel Tal, has also been a repeat filer in an individual capacity, Case No: 12-75448, Chapter 13 and Chapter 7 Case No. 12-71481. In his individual capacity he had in excess of $100,000.00 outstanding in real estate taxes.

12. It is apparent from the pattern of repeat filings, that this case as well as the related

cases have all been filed in an effort to delay and hinder Creditors in their efforts to collect on their debts.

13. As a result Movant has been unfairly delayed in its collection efforts, is not adequately protected because of the continuing accrual of additional monies against the collateral as well as the apparent inability of the Debtor to maintain the collateral. Movant suggests that cause exists pursuant to §1112(b) of the Bankruptcy Code for dismissal, or in the alternative modifying the automatic stay pursuant to §363(d) so that L&L can proceed with its foreclosure with respect to the propeliy 1 Potters Lane, Roslyn Heights, New York on its real estate tax liens.

**IN REM RELIEF IS APPROPRIATE**

14. It is requested L&L be granted "In Rem" relief because if past behavior is an indication of future actions, the Debtor will surely file on the eve of the next sale date.

15. It is well accepted that "one of the primary purposes of bankruptcy is to provide 'honest but unfortunate debtor' with the opportunity to make a 'fresh start'". *In re Dupuy*, 308 B.R. 843, 848 (Bankr. E.D. Tenn. 2004). It is equally recognized that "all bankruptcy petitions must be filed in good faith and must be 'fundamentally fair in a manner that complies with the spirit of the Bankruptcy Code's provisions". *Dupuy*, 308 B.R. at 848-849.

16. "[T]he filing of repetitive bankruptcy cases to forestall creditors from exercising their rights, and without any intent to comply with basic bankruptcy requirements, is an abuse of process and a violation of the spirit and intent, if not the actual letter, of the Bankruptcy Code." *In re Hughes,* 2007 Bankr. LEXIS 1328 at *41-42. (Bankr. N.D. Tex. 2007). In such cases, *in rem* relief is appropriate in order to allow the Creditor to complete its process. *See Gonazlez-Ruiz,* 341 B.R. at 385 (*in rem* relief

appropriate where Debtors filed four bankruptcy cases in order to prevent the creditor from competing foreclosure); *In re Selinsky*, 365 B.R. 260 (Bankr. S.D. Fl. 2007) (Court ordered *in rem* relief where the Debtor and her husband's five bankruptcy filings constituted a gross abuse of the bankruptcy process).

17. Section 105(a) of the Bankruptcy Cod provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a). It is established that § 105 empowers the Court "to provide a creditor with prospective relief from the automatic stay where it is clear that a debtor has filed successive bankruptcy petitions without the intention of completing or without having the ability to complete the bankruptcy process in good faith." *In re Feldman,* 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); see also *In re Henderson*, 395 B.R. 893 (Bankr. D.S.C. 2008) (the authority of the Court to grant *in rem* relief stems from its broad powers under 11 U.S.C. § 105 (a) to issue orders necessary to carry out provisions of the Bankruptcy Code and prevent abuse of process).

18. "*In rem* relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord*, 325 B.R. 121, 129 (Bankr. S.D.N.Y. 2005).

19. "An order granting *in rem* relief from stay is an appropriate remedy when a debtor or transferee of a debtor serially files bankruptcy petitions solely to invoke the automatic stay." *Gonzalez-Ruiz v. Doral Financial Corp.*, 341 B.R. 371, 384 (B.A.P. 1st Cir. 2006) "An *in rem* order…attaches to the property and prevents the imposition of the automatic stay *only as to the property at issue* in future bankruptcy filings by co-owners." *In re Keefer*, 2005 Bankr LEXIS 2149 at *11 (Bankr. S.D.N.Y. February 10, 2005). The purpose of *in rem* relief is to prevent "an abuse of the bankruptcy code by multiple debtors acting in concert." *Keefer*, 2005 Bankr LEXIS at *11.

20. In order to grant *in rem* relief "'the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts

of creditors to recover their collateral.'" *Henderson*, 395 B.R. at 901 *quoting In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).

21. Here, *in rem*, relief is appropriate because a review of the record demonstrates that the debtor, and numerous family members have engaged in a history of serial, tag-team filings, with no intent to complete the bankruptcy process. Doing so constitute "abuse of the bankruptcy process".

22. What is even more egregious is the fact that this is the second petition pending for the Debtor within the last year and the sixth overall petition by the Debtor or related parties.

23. [T]he multiple filings are evidence of bad faith and evidence of the fact that the Debtor [and non-debtor] are abusing the bankruptcy process." *Price*, 304 B.R. at 774 (*in rem* relief granted where the Debtor and her husband filed six bankruptcy cases). Thus, *in rem* relief is appropriate here.

24. Additionally, while *in rem* relief is an extraordinary form of relief, it has "been granted where 'an ordinary relief from the stay order will not be effective as demonstrated by the prior history of the parties and the property.'" *In re Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). As demonstrated by the factual history, ordinary relief from the stay has proven ineffective in the Creditors attempts to complete the foreclosure process.

25. Based on the foregoing, the record unequivocally demonstrates that there has been a history of serial filings. As such, an order granting *in rem* relief as to the real property commonly known as 1 Potter Lane, Rosyln, New York such that any and all future filings by this Debtor or any person or entity with an interest in the property shall not operate as an automatic stay against the Landlord and its successors and/or assigns is appropriate.

WHEREFORE, the affirmant respectfully requests from court enter an order dismissing the case or in the alternative modifying the automatic stay with in rem relief as to any future filings effecting this property.

Dated: March 27, 2019
      Syosset, New York

                              Berger, Fischoff, Shimer, Wexler, & Goodman, LLP
                              Attorneys for L&L Associates Holding Corp.

                              _____
                              Gary C. Fischoff
                              6901 Jericho Turnpike, Suite 230
                              Syosset, New York 11791
                              (516) 747-1136